UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :

      - v. -                  :

                                 **07 Cr. 366 (JSR)**

**ROBERTO ORTIZ**                :

            Defendant.     :
------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERTO ORTIZ'S
MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

                             **LEONARD F. JOY, ESQ.**
                             Federal Defenders of New York
                             Attorney for Defendant
                             **Roberto Ortiz**
                             52 Duane Street - 10th Floor
                             New York, New York 10007
                             Tel.: (212) 417-8760


**ROBERT M. BAUM, ESQ.**

    Of Counsel

TO:  MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn:  **MARSHALL A. CAMP, ESQ.**
              Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :

        - v.-                   :
                                          **07 Cr. 366 (JSR)**
**ROBERTO ORTIZ**               :

            Defendant.      :
------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ROBERTO ORTIZ'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

**PRELIMINARY STATEMENT**

Defendant Roberto Ortiz, by undersigned counsel,
respectfully submits this Memorandum of Law in support of his
Motion to Suppress physical evidence and statements.

Mr. Otiz is charged in a two-count indictment with a
violation of Title 21 U.S.C. §841(b)(1)(b), charging him with
conspiracy to violate the narcotics laws and possession of
cocaine with intent to distribute. He seeks an order suppressing
physical evidence and statements as having been obtained in
violation of his constitutional rights pursuant to the Fourth and
Fifth Amendments.

**STATEMENT OF FACTS**

As set forth in the attached Affirmations of Roberto Ortiz
and defense counsel, Mr. Ortiz was arrested on April 15, 2007, on
a public street in Bronx County. See Ortiz Affirmation
(hereinafter "Ortiz Aff."), at ¶ 9. He was under observation by a

team of DEA agents and first observed in the lobby of a motel
where he was seen speaking with other males. Compl. ¶ 4.
Approximately one hour later, two males left the motel and were
observed placing a piece of luggage into a black Volvo with Rhode
Island license plates. Compl. ¶ 4.

The black Volvo drove to a location in the Bronx and parked.
Approximately 25 minutes later, Roberto Ortiz was observed
removing a piece of luggage from the Volvo. Compl. ¶ 6-7. When he
began to enter a building at 1065 Boston Road, he was ordered to
"stop" by a DEA agent who identified himself as a police officer
and displayed his shield. Compl. ¶ 7. Mr. Ortiz initially
submitted to his authority and stopped. He then left the luggage
and ran. Ortiz Affirm. ¶ 8. He was soon caught by the agent and
placed under arrest. At the same time, another agent secured the
luggage and searched it, finding approximately 15 kilograms of
cocaine. Compl. ¶ 8.

When Mr. Ortiz was stopped and subsequently arrested, he had
not been observed to be engaged in any activity which would cause
an objective observer to have reasonable suspicion to believe
that criminal activity might be afoot. His subsequent flight from
the scene did not in itself provide probable cause to engage in a
subsequent arrest. All statements made after his detention and
arrest are a result of the initial illegality.  In addition, all
physical evidence seized as a result of the initial unlawful stop

is similarly a result of initial illegality.

## ARGUMENT

**THE WARRANTLESS STOP AND SEIZURE OF ROBERTO ORTIZ ON THE STREET AND THE SUBSEQUENT SEIZURE FOLLOWING HIS FLIGHT WERE WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE AND ALL EVIDENCE AND STATEMENTS OBTAINED AS A DIRECT RESULT OF THIS ILLEGALITY MUST BE SUPPRESSED UNDER THE FOURTH AND FIFTH AMENDMENTS AS "FRUIT OF THE POISONOUS TREE"**

The Fourth Amendment proscribes that "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... ."  It is well established that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless they fall within one of several recognized exceptions. Katz v. United States, 389 U.S. 347, 357 (1967). An investigatory detention, in other words, a brief seizure by police based upon "a reasonable suspicion supported by articulable facts" that criminal activity 'may be afoot,'" is a narrowly drawn exception to the probable cause requirement of the Fourth Amendment. United States v. Sokolow, 490 U.S.1, 7 (1989)(quoting Terry v. Ohio, 392 U.S. 1, 30 (1968).

In the instant case, the evidence must be suppressed because the federal agents initially did not have a reasonable,

articulable basis to believe that Roberto Ortiz had committed or was about to commit a crime. Even if the federal agent's command to "stop" accompanied by identifying himself as a police officer was with the intent to engage in a Terry stop, there had been no basis for such police action. "Reasonable suspicion" that Mr. Ortiz had committed or was about to commit a crime requires that a police officer "must be able to articulate something more than inchoate and unparticularized suspicion or 'hunch.'" United States v. Sokolow, 490 U.S. at 7, citing Terry v. Ohio, 392 U.S. at 27. When the DEA agent approached Mr. Ortiz the cumulative result of over one hour of surveillance had revealed nothing but innocent behavior.

The Government will undoubtedly argue that the initial encounter with a DEA agent and his order to "stop" was nothing more than a Terry stop. As a brief detention for questioning, it would otherwise constitute an exception to the warrant requirement of the Fourth Amendment. However, there still must be specific articulable facts that reasonably warrant suspicion of criminal activity. Even then, the Fourth Amendment requires some minimal level of objective justification for making the stop. INS v. Delgado, 466 U.S. 210, 216-217 (1984). None exists.

In fact, the directive to stop, accompanied by identifying oneself as a police officer, and the blocking of the defendant's ability to enter the building, constitutes not a less-invasive

Terry stop, but rather a seizure, which requires probable cause.

An individual can be said to have been seized by the police if in

all the surrounding circumstances, a reasonable person would have

believed that he was not free to leave. Michigan v. Chesternut,

486 U.S. 567, 573 (1988)(quoting United States v. Mendenhall, 446

U.S. 544, 554 (1980) (opinion of Stewart, J.). This inquiry

requires an objective assessment of the overall coercive effect

of the police conduct. Id. at 573-74.  Examples of circumstances

which may indicate a seizure include "the threatening presence of

several officers, the display of a weapon by an officer, ... or

the use of language or tone of voice indicating that compliance

with the officer's request might be compelled."  See Mendenhall,

446 U.S. at 554; United States v. Perea, 986 F.2d 633, 645 (2nd

Cir. 1993) United States v. Moreno, 897 F.2d 26, 30, (2nd Cir.),

cert. denied 497 U.S. 1009 (1990); United States v. Sugrim, 732

F.2d 25, 28 (2nd Cir. 1984); United States v. Lee , 916 F.2d 814,

819 (2nd Cir. 1990).

Mr. Ortiz's subsequent flight from the scene under certain

circumstances may provide reasonable suspicion to warrant a Terry

stop, (see Illinois v. Wardlow  528 U.S. 119, 124-125 [2000]),

but when Mr. Ortiz was subsequently stopped a few blocks from the

location where he was initially stopped, he was not subjected to

a Terry stop, he was taken into custody and placed under arrest.

("[W]henever a police officer accosts an individual and restrains

his freedom to walk away, he has 'seized' that person.")(Terry v. Ohio 392 U.S. at 16.).

The exclusionary rule "prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search ..." Murray v. United States, 487 U.S. 533, 536-537 (1988).

It is also axiomatic that the fruit of the poisonous tree, the initial illegality, is subject to the exclusionary rule. Wong Sun v. United States, 371 U.S. 471 (1963). As a result, the subsequent search of the luggage and the cocaine discovered as well as the subsequent statements made by Mr. Ortiz, must be suppressed.

**THE SEIZURE OF THE LUGGAGE**
**AND SUBSEQUENT DISCOVERY OF**
**DRUGS MUST BE SUPPRESSED AS**
**FRUIT OF THE INITIAL ILLEGALITY**
**AND NOT VIEWED AS ABANDONED PROPERTY**

Abandoned property is not covered by the Fourth Amendment. Abel v. United States, 362 U.S. 217, 241 (1960).  However, if the abandonment is the product of unlawful police activity, the property itself, or a search of the property, is tainted by the illegality, and is inadmissible.  Wong Sun v. United States, 371 at 488; United States v. King, 990 F.2d 1552, 1563 (10th Cir. 1993); United States v. Wood, 981 F.2d 536 (D.C.Cir. 1992) (suppressing gun that defendant dropped after being illegally

stopped); United States v. Wilson, 953 F.2d 116 (4th Cir.
1991)(abandonment during flight from illegal stop).  Here, Mr.
Ortiz's abandonment of his bag was the product of an unlawful
stop or seizure and thus the fruits of any search of that bag are
inadmissible against him at trial.

In United States v. Arenas, 37 F.Supp. 2d 322 (S.D.N.Y.
1999), Judge Chin suppressed evidence under similar
circumstances. The defendant and two other males were observed
for a substantial period of time engaging in innocent behavior.
The police were nevertheless suspicious and stopped the defendant
and two others by yelling "stop," displaying their shields, and
identifying themselves as police officers. Id. at 325. The
defendant then dropped his jacket to the ground. It was recovered
by the police who found a weapon in the pocket. The District
Court found no basis for a Terry stop, no abandonment, and
suppressed the physical evidence.

In this case, Mr. Ortiz left his bag after he was ordered to
"stop." Leaving the bag was occasioned by this illegal stop, and
was thus illegally obtained.  Since it is clear that the agent
did not have probable cause to search the bag, and would not have
been able to do so absent the "abandonment," the search itself
was illegal and the physical evidence recovered during that
search must be suppressed.  Cf. United States v. Jackson, 544
F.2d 407, 410-11 (9th Cir. 1976).

**CONCLUSION**

For the foregoing reasons, Roberto Ortiz respectfully

requests that the Court issue an order suppressing the physical

evidence and statements illegally obtained in violation of his

Fourth Amendment rights, as a direct result of an arrest and

seizure made without probable cause, and for such other and

further relief as the Court deems just and proper, including the

filing of post-hearing memoranda if deemed necessary.


Dated:   New York, New York
         June 11, 2007

                                    Respectfully submitted,

                                    LEONARD F. JOY, ESQ.
                                    Federal Defenders of New York
                         By:        _____
                                    **ROBERT M. BAUM, ESQ.**
                                    Assistant Federal Defender
                                    Attorney for Defendant
                                        **ROBERTO ORTIZ**
                                    52 Duane Street - 10th Floor
                                    New York, New York 10007


TO:       MICHAEL J. GARCIA, ESQ.
          United States Attorney
          Southern District of New York
          One St. Andrew's Plaza
          New York, New York 10007

ATTN:     MARSHALL A. CAMP, Esq.
          Assistant United States Attorney